FILED IN THE
UNITED STATES
BANKRUPTCY COURT

2009 DEC 22 PM 3:04

DISTRICT OF UTAH

GREGORY B. WALL, NO. 3365
WALL & WALL PC
Attorneys for Petitioner
2168 East Fort Union Boulevard
Salt Lake City, Utah 84121
Phone: 801-274-3100
FAX: 801-365-8223

**IN THE UNITED STATES BANKRUPTCY COURT OF UTAH**

| | |
|---|---|
| DAVID DOUST,<br><br>Plaintiff,<br><br>v.<br><br>OTTO P. JOHANSSON,<br><br>Defendant. | COMPLAINT FOR NON-DISCHARGE<br><br>Case No. 09-31342<br><br>Judge __________________ |

**BACKGROUND**

1. That plaintiff is a resident of Salt Lake County, State of Utah.

2. That Otto P. Johansson is an individual residing in Salt Lake County, State of Utah, and has at all times material to this action conducted business as Johansson Construction.

3. Johansson Construction is a business located in Salt Lake County, State of Utah, and is in fact merely an alter ego of the defendant Otto P. Johansson.

4. That on or about the 21st day of November, 2008, in the City of Salt Lake, County of Salt Lake, State of Utah, plaintiff and defendant entered into a written contract whereby defendant contracted to construct for plaintiff certain driveways and sidewalks located at 3826 S. Ashland Drive, Salt Lake City, UT ("Ashland") and at 4822 S. Fortuna Way, Salt Lake City, UT ("Fortuna"), said construction to be in accordance with the agreement and in accordance with the

plans and specifications agreed on. A copy of said agreement is attached hereto as Exhibit "A," and by reference is made a part hereof.

5. On the 26th of November, 2008, the parties entered into a subsequent agreement to modify the project completion date. A copy of said agreement is attached hereto as Exhibit "B," and by reference is made a part hereof.

6. Under the agreement, the defendant contracted to perform the following at the Ashland property:

a. Remove driveways and sidewalks, compact gravel, and replace with new concrete

b. Lay flagstone at patio area.

7. Under the agreement, the defendant contracted to perform the following at the Fortuna property:

a. Remove driveways and sidewalks, compact gravel, and replace with new concrete

b. Lay flagstone at patio area.

8. Under the agreement, the plaintiff contracted to pay a total of $12,500. This amount was later changed to $13,450 due to upgrading flagstone.

9. The petitioner paid the $13,450.00 in total to the defendant prior to the completion of the work to cover the cost of supplies, and with the understanding that the work contracted for would in fact be completed.

10. The defendant breached the contract and failed to perform as agreed upon in various ways, including, but not limited to the following:

a. Defendant removed and re-poured the sidewalks and driveways at both the Ashland and Fortuna properties. However, within days, they both developed extensive pitting and cracking. The work performed was not done in a

professional and workmanlike manner. Consequently, the concrete needs to be completely removed and replaced.

b. Defendant have not performed any work on the patio at the Ashland property.

c. Defendant laid about 25% of the flagstone on the patio at the Fortuna property. No further work was completed. After many months, defendant had the flagstone that had been laid chipped off and removed.

d. All of the work performed by the defendant is not in keeping with the standards of the industry and is not fit for the intended purposes, which has been admitted by the defendant.

11. That plaintiff duly performed all conditions and furnished all consideration required of him in said contract in that the plaintiff has paid the defendant the full amount agreed to: a sum of $13,450.00.

12. Defendant then filed for Chapter 7 bankruptcy in or about November 2009.

12. Judgment should be entered against defendant, in favor of plaintiff for the non-discharge in bankruptcy of money owed to the plaintiff in the amount of $13,450.00 for the foregoing reasons:

**FRAUD**

Under §523 (2) (A) of the U.S. Code, bankruptcy will not discharge a debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

To establish a cause of action in fraud, the following six elements must be met:

(1) the defendant made a false or misleading statement;

(2) the defendant knew it was false, misleading, or made it with reckless disregard for its truth or falsity; and

(3) the statement was of material fact; and

(4) the defendant made the statement with the intent that plaintiff would rely on the false or misleading representation;

(5) and that the plaintiff reasonably relied on the false or misleading representation; and

(6) that the plaintiff suffered damages as a result of relying on the false representation.

13. The debtor/defendants have committed fraud in his dealings with the plaintiff, and therefore, the money owed by debtor to plaintiff should not be discharged in bankruptcy.

14. The debtor/defendant made false statements to the plaintiff in regards to the amount and quality of work that he would provide, so long as the plaintiff paid him $13, 450.00 in advance, which he did as evidenced by attached Exhibit "C." The defendant also represented that he was a licensed contractor, that he was insured, as well as bonded. Upon confirmation from the Department of Professional Licensing, the defendant is not a licensed contractor. Additionally, the plaintiff called the insurance company that the defendant claimed to be insured by after the driveway that defendant had poured cracked and he claimed his insurance would cover the cost to re-do the work, and the insurance company told the plaintiff that they did not insure the defendant and had never even heard of him. Nor was the defendant bonded. Defendant also represented that he would be using the industry grade cement for the work, but due to the cracking that occurred shortly after the pouring of the cement, the statement regarding the quality of the materials used was also false in that it was substandard cement. These examples clearly establish that the defendant did in fact make false statements.

15. After the defendant first filed for bankruptcy, there was an initial bankruptcy hearing where three other victims/plaintiff's testified that the defendant had promised to do construction work for them, had them pay him for the full contract amount in advance, then disappeared with their money. One of the victims stated that the defendant told him he was a high ranking official in the catholic church, then took $28,000.00 from the man. The defendant had told plaintiff that he was an official in the Mormon church, then entered into a contract for services with him for $13,450.00. In this case, there was more than reckless disregard for the truth of the statements made. The defendant knew that his representation of the services that he would provide was false because he never intended to perform the services in the first place as evidenced by all the other victims/plaintiff's who have claims against the defendant for the same behavior of representing himself to be a trustworthy and religious man, and promising to do work, but instead, just keeping the plaintiffs' money and then disappearing.

16. The defendant's statement was material because the defendant represented that he was a licensed contractor, fully insured and bonded to provide construction services, when he in fact was not properly licensed bonded or insured to perform the type of work he was supposed to do, which is material to the purpose of plaintiff and defendant even forming a contract together. Furthermore, he offered his services in exchange for a set dollar amount, which is what the entire contract centered around, which also makes the defendant's false statement material.

17. The defendant made the statements of his credentials, and the services he offered in exchange for the contract price in advance with the intent that the plaintiff would rely upon it because he wanted the plaintiff to pay him, and the plaintiff did in fact give him the money for the work the defendant promised to complete.

18. The plaintiff believed that he could trust defendant and what defendant had represented to him because he told plaintiff that he was in fact a licensed contractor, and defendant entered into a written contract with plaintiff promising to perform the work plaintiff paid him to do, the plaintiff thereby reasonably relying upon the defendant's false representation that he would do the work.

19. Due to the defendant's false representation, the plaintiff suffered damages in the amount of $13, 450.00 because he paid the defendant in advance for substandard and incomplete work, then defendant disappeared with plaintiff's money, never returned plaintiff's telephone calls, nor did he ever complete the work which plaintiff had already paid defendant to complete.

20. Plaintiff has suffered additional damages due to the defendant's used substandard materials when he poured concrete for the two driveways, which then led them to crack. Now plaintiff must pay someone else to remove the previously poured cement.

21. Plaintiff has also suffered additional damages due to the fact that defendant only completed 20% of the flagstone installation on the patio area, then defendant later chipped the flagstone that he had laid away. Plaintiff must now pay someone else to remove the flagstone remnants and lay new flagstone in the patio area.

22. Although plaintiff suffered damages in addition to the contract price, plaintiff is only requesting relief for the non-discharge in bankruptcy for the contract agreement amount of $13,450.00.

**FALSE WRITTEN STATEMENT**

Additionally, pursuant to §523 (2) (B) of the U.S. Code, bankruptcy will not discharge a debt when a false statement is in writing and when the writing meets the following elements:

(i) is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive.

23. The parties had a writing of their agreement, which is in the form of a proposal, was hand-written by the defendant, and provided for the contractual/binding terms of the agreement, attached hereto as Exhibit "A" & Exhibit "B."

24. The defendant agreed, in writing, to perform specific services in exchange for the plaintiff's payment. This bargained for exchange was materially false because the plaintiff paid the contract amount, but the defendant did not perform according to the terms of the writing, and the defendant took the plaintiff's money and disappeared.

25. Printed at the top of the page of the defendant's proposal/the parties' contract is a company name of "Johansson Construction," which represents that this is an established company, or at least a company that is licensed to perform construction services. In culmination of the printing used for the company, the defendant represented to plaintiff that he was fully insured. When the driveways that the defendant poured cement for began to crack, the defendant went as far as to say that he had insurance that would cover the cost to re-pour the driveways, and that he was fully bonded as well. Therefore, by looking at the terms of the writing and what the defendant had represented to the plaintiff, the writing did respect the financial condition of the defendant, and his ability to perform the terms the writing set forth.

26. Pursuant to the written and signed terms of the agreement/proposal, the plaintiff reasonably relied on the fact that if he paid the defendant as set forth in the agreement, the defendant would perform the services which plaintiff had paid for because the purpose of having

the terms of the agreement in writing was to ensure that both parties would perform, and it was reasonable for the plaintiff to rely upon such notion.

27. The defendant hand-wrote the agreement pursuant to the mutually agreed upon terms, signed the agreement, and produced a carbon copy to the plaintiff, with the intent to deceive the plaintiff by getting his agreement on the terms so that he would pay the defendant the contract amount in advance, while the defendant never intended to complete the work, but instead, intended to take the money and disappear, apparent by the fact that this is exactly what he did.

28. Therefore, due to the defendant's false statement in writing the debt owed to the plaintiff should not be discharged in the defendant's bankruptcy.

**LARCENY**

29. Furthermore, pursuant to §523 (4) of the U.S. Code, bankruptcy will not discharge a debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny, which is applicable to the defendant because he committed larceny when after the defendant had installed flagstone (only 20% of the contracted for amount that plaintiff had already paid for), he returned to the plaintiff's property while plaintiff was at work and chipped off the flagstone that he had installed, and then took the stone to use for another construction job.

**WILLFUL AND MALICIOUS INJURY TO PROPERTY**

30. Additionally, U.S.C. §523 (6) further states that the debt will not be discharged if there was willful and malicious injury by the debtor to another entity or to the property of another entity. Once again, the defendant should not be allowed to discharge the debt that he owes to the plaintiff because he willfully and maliciously injured the property of the plaintiff when he removed the flagstone that he had installed on the plaintiff's property, which left the property in complete disarray.

WHEREFORE, plaintiff demands Judgment against the defendants, jointly and severally as follows:

A. For the non-discharge of the contract price owed to the plaintiff in the amount of $13,450.00 because the plaintiff has established in the foregoing, that defendant committed the following:

1. Fraud;
2. False Written Statement;
3. Larceny; and
4. Willful and Malicious Injury to Property.

B. For such other and further relief as the Court deems just and equitable in the premises.

DATED this 22nd day of December, 2009.

GREGORY B. WALL
Attorney for Plaintiff

# EXHIBIT "A"

# PROPOSAL

**JOHANSSON CONSTRUCTION**
2018 W 4100 S
W.V.C., UT 84119
~~(801) 577-0113~~
(801) 574-8912

| PROPOSAL SUBMITTED TO | | PHONE | DATE |
|---|---|---|---|
| Dave | | (801) 580-3937 | 11-21-07 |
| STREET | | JOB NAME | |
| 1) 3826 So. ASHLAND (2860 E) | | Driveway and Sidewalks | |
| CITY, STATE and ZIP CODE | | JOB LOCATION | |
| WASATCH | | | |
| ARCHITECT | DATE OF PLANS | | JOB PHONE |
| OTTO JOHANSSON | | | |

We hereby submit specifications and estimates for:

Removing out the Driveway and Sidewalk to the entrance Plus South side and North side but not the Steps. Removing the TILE on entrance Steps and Replace with Flag Stone — grading and Compaction then Form and pour with regular Concrete. 4" thick.

2) 4822 So. Fortuna way, WASATCH, Utah Removing the Driveway, grading Plus Put gravel. grade to make sure all water Drain to the street and away From the house. Remove the tile from steps and replace with Flagstone. and Patio Area. All Flagstone and remove [illegible] A

**We Propose** hereby to furnish material and labor — complete in accordance with above specifications, for the sum of:

Twelve thousand Five hundred dollars ($12 50 ).

Payment to be made as follows:

$7,000.00 deposit to start
Balance to Concrete and Finish

All material is guaranteed to be as specified. All work to be completed in a workmanlike manner according to standard practices. Any alteration or deviation from above specifications involving extra costs will be executed only upon written orders, and will become an extra charge over and above the estimate. All agreements contingent upon strikes, accidents or delays beyond our control. Owner to carry fire, tornado and other necessary insurance. Our workers are fully covered by Workman's Compensation Insurance.

Authorized Signature: Otto Johansson

Note: This proposal may be withdrawn by us if not accepted within 30 days.

SEAL ALL CONCRETE

**Acceptance of Proposal** — The above prices, specifications and conditions are satisfactory and are hereby accepted. You are authorized to do the work as specified. Payment will be made as outlined above.

Signature: [illegible]

Date of Acceptance: ________

Signature: ________

Exhibit A

# EXHIBIT "B"

11-26-07

OTTO JOHANSSON.

I will put Flagstone or Remove the PATio at the Front entrance and replace new next Spring. 2008

Otto Johansson.

PAID $11,000.00

Balance $2450.00

Exhibit B

# EXHIBIT "C"

# INVOICE

| INVOICE NO. | DATE |
|---|---|
| | |

**Wasatch Ophthalmic Instruments**
3007 South West Temple, Suite B • Salt Lake City, Utah 84115 • Phone: (801) 485-6363 • Fax: (801) 485-6381

Please pay from this invoice

AMERICA FIRST CREDIT UNION

Did you know your America First Visa Check card is a credit card, debit card, and ATM card all in one?

View Accounts / History | Transfers / Payments | Bill Pay | Apply for Loans | Financial Planning | Contact Us | Help | Log Out

BILL TO: SHIP TO:

- Check View® / Transaction Search
- Quicken® / Money®
- Online Statements
- Reorder Checks
- Dividends / Interest
- e-Alerts
- Mobile Banking
- VISA Gift Card
- Verified Access
- Privacy Policy
- Bill Pay Agreement
- e-Alerts Agreement

## Check View

| SALESPERSON | PURCHASE ORDER NO. | TERMS | SHIPPED |
|---|---|---|---|
| | | | |

Click on an image to view a larger version.

| QUANTITY | ITEM # | DESCRIPTION | UNIT PRICE | DISC. | TOTAL |
|---|---|---|---|---|---|

Please Note: check images older than thirty days may take longer to retrieve. For additional assistance, please contact us at (866) 224-2158.

**Front of Check:**




**Back of Check:**




SUBTOTAL:

TAX:

BALANCE DUE:

TEAR OFF AND REMIT PAYMENT TO:

**Wasatch Ophthalmic Instruments** 3007 South West Temple, Suite B • Salt Lake City, Utah 84115 • Phone: (801) 485-6363 • Fax: (801) 485-6381

View Accounts / History | Transfers / Payments | Bill Pay | Apply for Loans | Financial Planning | Contact Us | Help | Log Out

| INVOICE NO. | DATE |
|---|---|
| | |

Wasatch Ophthalmic
3007 So. West Temple # B
Salt Lake City, Utah 84115

BALANCE DUE

AMOUNT ENCLOSED

Thank You for letting us serve you.



Exhibit C

# INVOICE

| INVOICE NO. | DATE |
|---|---|
| | |

**Wasatch Ophthalmic Instruments**
3007 South West Temple, Suite B • Salt Lake City, Utah 84115 • Phone: (801) 485-63...

Please pay from this invoice

AMERICA FIRST CREDIT UNION

Did you know your America First Visa Check card is a credit card, debit card, and ATM card all in one?

View Accounts / History | Transfers / Payments | Bill Pay | Apply for Loans | Financial Planning | Contact Us | Help | Log Out

BILL TO:

SHIP TO:

Check View® / Transaction Search
Quicken® / Money®
Online Statements
Reorder Checks
Dividends / Interest
e-Alerts
Mobile Banking
VISA Gift Card

Verified Access
Privacy Policy
Bill Pay Agreement
e-Alerts Agreement

## Check View

| SALESPERSON | PURCHASE ORDER NO. | TERMS | SHIPPED |
|---|---|---|---|
| | | | |

Click on an image to view a larger version.

| QUANTITY | ITEM # | DESCRIPTION | UNIT PRICE | DISC. | TOTAL |
|---|---|---|---|---|---|

Please Note: check images older than thirty days may take longer to retrieve. For additional assistance, please contact us at (866) 224-2158.

**Front of Check:**




**Back of Check:**




SUBTOTAL:

TAX:

BALANCE DUE:

TEAR OFF AND REMIT PAYMENT TO:

**Wasatch Ophthalmic Instruments** 3007 South West Temple, Suite B • Salt Lake City, Utah 84115 • Phone: (801) 485-6363 • Fax: (801) 485-6381

View Accounts / History | Transfers / Payments | Bill Pay | Apply for Loans | Financial Planning | Contact Us | Help | Log Out

| INVOICE NO. | DATE |
|---|---|
| | |

Wasatch Ophthalmic
3007 So. West Temple # B
Salt Lake City, Utah 84115

BALANCE DUE

AMOUNT ENCLOSED

Thank You for letting us serve you

# INVOICE

| INVOICE NO. | DATE |
|---|---|
| | |

Wasatch Ophthalmic Instruments
3007 South West Temple, Suite B • Salt Lake City, Utah 84115 • Phone: (801) 485-6363 • Fax: (801) 485-6381

AMERICA FIRST CREDIT UNION

Did you know your America First Visa Check card is a credit card, debit card, and ATM card all in one?

Please pay from this invoice

View Accounts / History | Transfers / Payments | Bill Pay | Apply for Loans | Financial Planning | Contact Us | Help | Log Out

BILL TO:

SHIP TO:

Check View® / Transaction Search
Quicken® / Money®
Online Statements
Reorder Checks
Dividends / Interest
e-Alerts
Mobile Banking
VISA Gift Card

Verified Access
Privacy Policy
Bill Pay Agreement
e-Alerts Agreement

## Check View

| SALESPERSON | PURCHASE ORDER NO. | TERMS | SHIPPED |
|---|---|---|---|
| | | | |

Click on an image to view a larger version.

| QUANTITY | ITEM # | DESCRIPTION | UNIT PRICE | DISC. | TOTAL |
|---|---|---|---|---|---|

Please Note: check images older than thirty days may take longer to retrieve. For additional assistance, please contact us at (866) 224-2158.

**Front of Check:**




**Back of Check:**




SUBTOTAL:

TAX:

BALANCE DUE:

TEAR OFF AND REMIT PAYMENT TO:

Wasatch Ophthalmic Instruments 3007 South West Temple, Suite B • Salt Lake City, Utah 84115 • Phone: (801) 485-6363 • Fax: (801) 485-6381

View Accounts / History | Transfers / Payments | Bill Pay | Apply for Loans | Financial Planning | Contact Us | Help | Log Out

| INVOICE NO. | DATE |
|---|---|
| | |

Wasatch Ophthalmic
3007 So. West Temple # B
Salt Lake City, Utah 84115

BALANCE DUE

AMOUNT ENCLOSED

Thank You for letting us serve you.

FORM 104 (10/06)

## ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER** (Court Use Only)

**PLAINTIFFS**
David Doust

**DEFENDANTS**
Otto P. Johansson

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
Gregory B. Wall

**ATTORNEYS** (If Known)
John Evans

**PARTY** (Check One Box Only)
- ☐ Debtor
- ☐ U.S. Trustee/Bankruptcy Admin
- ☒ Creditor
- ☐ Other
- ☐ Trustee

**PARTY** (Check One Box Only)
- ☒ Debtor
- ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Creditor
- ☐ Other
- ☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce/sep property settlement/decree
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – reinstatement of stay
- ☐ 72-Injunctive relief – other

***FRBP 7001(8) Subordination of Claim or Interest***
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

FILED IN THE UNITED STATES BANKRUPTCY COURT
2009 DEC 22 PM 3:04
DISTRICT OF UTAH

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

FORM 104 (10/06), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. |
| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint. Give the names and addresses of the attorneys if known.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.