**The below described is SIGNED.**

**Dated: December 20, 2010**

_R. KIMBALL MOSIER_
**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**



_____

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>Otto P Johansson,<br><br>    Debtor.<br><br>David Doust,<br><br>    Plaintiff,<br><br>v.<br><br>Otto P Johansson,<br><br>    Defendant. | Bankruptcy Number: 09-31342<br><br>Chapter 7<br><br>Judge R. Kimball Mosier<br><br>Adversary Number: 09-2801 |

## FINDINGS AND CONCLUSIONS

The Trial in this adversary proceeding came before the Court on December 13, 2010. The Plaintiff, David Doust, was represented by Angilee K. Wright of Wall & Wall PC, the Defendant, Otto P. Johansson represented himself *pro se*. The Court, after taking evidence and considering the pleadings and argument of the parties, makes the following findings and conclusions.

In November, 2008 Plaintiff and Defendant entered into a contract to construct certain improvements on two parcels of real property owned by Plaintiff. The improvements to be provided by Defendant included the removal of driveways and sidewalks, laying a compact gravel base, pouring new concrete driveways and sidewalks, and laying flagstone in patio areas on two properties. The parties contracted for the entire job to be completed for the amount of $13,450.00. The construction work turned out to be unsatisfactory to Plaintiff for a number of reasons and this adversary proceeding was commenced by Plaintiff seeking exception to the Defendant's discharge under 11 U.S.C. § 523(a)(2)(A), § 523(a)(2)(B), § 523(a)(4), and § 523(a)(6). At trial, Plaintiff conceded that no cause of action existed under § 523(a)(2)(B), and proceeded with evidence and argument with respect to the remaining three causes of action.

When seeking to except a debt from a debtor's discharge, the plaintiff must carry its burden of proof by a preponderance of the evidence. *Grogen v. Gardner*, 498 U.S. 279 (1991). Exceptions to discharge are to be narrowly construed because of the fresh start objectives of bankruptcy, and doubt is to be resolved in the debtor's favor. *In re Kaspar*, 125 F.3d 1358 (10th Cir. 1997).

To establish that a claim is nondischargeable under § 523(a)(2)(A), the creditor must prove the following elements by a preponderance of the evidence. The debtor made a false representation with the intent to deceive the creditor; the creditor relied on the representation; the creditor's reliance was justifiable; and the debtor's representation caused the creditor to sustain a loss. *Fowler Brothers v. Young*, 91 F.3d 1367 (10th Cir. 1996). Plaintiff failed to carry his burden of proof regarding these elements. In particular, Plaintiff offered insufficient evidence to

2

establish a false representation made by Defendant with intent to deceive the Plaintiff. Plaintiff offered no evidence that he justifiably relied on a false representation.

Plaintiff met one element of his burden of proof with respect to Plaintiff's cause of action under § 523(a)(4) by showing that Plaintiff's flagstone was taken without Plaintiff's consent. *See, United States v. Smith*, 156 F.3d 1046 (10th Cir. 1998), however Plaintiff provided the Court insufficient evidence to establish the actual value of the flagstone taken. Without evidence to establish the actual value of the property taken, the Court is unable to, and will not, award a judgment.

The Court finds that Plaintiff has not met his burden of proof required under § 523(a)(6). To prevail under § 523(a)(6), Plaintiff must show that Defendant willfully and maliciously intended to injure Plaintiff. Intentional torts generally require that the actor intend "the consequence of an act" not simply the act itself. *Kawaauhau v. Geiger*, 523 U.S. 57 (1998). The terms "willful" act and "malicious injury" are both crucial terms under § 523(a)(6) and without proof of both, an objection to discharge under that section must fail. *Panalis v. Moore*, 357 F.3d 1125 (10th Cir. 2004). Plaintiff presented evidence that Defendant intended to remove flagstone from Plaintiff's property but offered insufficient evidence to establish that Defendant willfully and maliciously intended to injure Plaintiff. Additionally, Plaintiff provided insufficient evidence to establish damages cause by Defendant's removal of the flagstone.

On September 9, 2010, the Court granted Plaintiff's motion to compel discovery.  In so doing, the Court ordered that attorney fees and costs be awarded at a later date.  The Court finds that Plaintiff has properly supported an entitlement to attorney fees and costs in the amount of $500.00 in conjunction with the motion to compel discovery.

--------------------------------------------END OF DOCUMENT------------------------------------------



_____ooo0ooo_____

## SERVICE LIST

Service of the foregoing **Findings and Conclusions** will be effected through the Bankruptcy Noticing Center to the following parties.

Otto Johansson
P.O. Box 65342
Salt Lake City, Utah 84165

Otto Johansson
1901 South 300 East
Salt Lake City, UT 84115

Otto Johansson
1964 South 500 East
Salt Lake City, UT 84115

Angilee K. Wright
Wall & Wall
2168 East Fort Union Blvd.
Salt Lake City, UT 84121

Gregory B. Wall
Wall & Wall
2168 East Fort Union Blvd.
Salt Lake City, UT 84121